UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SHANNON A. LEE II,                )
                                  )
                  Plaintiff,      )  Case No. C12-1948RSL
        v.                        )
                                  )  ORDER TO SHOW CAUSE
CITY OF SEATAC POLICE             )
DEPARTMENT, *et al.*,             )
                                  )
                  Defendants.     )
_____)

This matter comes before the Court *sua sponte*. On November 7, 2012, plaintiff, proceeding *pro se*, filed suit against the City of SeaTac Police Department, King County Prosecutor Dan Satterberg, and criminal defense attorney Scott Schmidt under 42 U.S.C. § 1983. Plaintiff alleges (1) abuse of process against the SeaTac Police Department, claiming that two employees falsified evidence and created a case against him based on false allegations; (2) malicious prosecution against Mr. Satterberg, claiming that he erroneously charged plaintiff with a crime; and (3) malpractice against his former lawyer, claiming that there was little to no communication from his lawyer while he was in jail. Complaint (Dkt. # 3) at 3. Plaintiff seeks an award of damages related to his loss of reputation and credit, his mental suffering, and his unemployment.

ORDER TO SHOW CAUSE

1  The Court, having reviewed the record as a whole, finds that plaintiff's Complaint
2 fails to state a claim upon which relief can be granted by a federal court.  Recovery under
3 Section 1983 involves two elements.  First, plaintiff must prove that the defendants deprived him
4 of a right secured by the "Constitution and laws" of the United States.  Second, plaintiff must
5 show that defendants deprived him of this constitutional right "under color of any statute,
6 ordinance, regulation, custom, or usage, of any State or Territory."  This second element requires
7 that plaintiff show that defendants acted "under color of law."  See, e.g., Monroe v. Pape, 365
8 U.S. 167, 184, 187 (1961); United States v. Price, 383 U.S. 787, 793, 794 (1966).  The
9 allegations of plaintiff's Complaint do not satisfy either of these requirements.

10  Although filed under 42 U.S.C. § 1983, all of plaintiff's claims are cognizable
11 under state law, and none of them have any connection to the United States Constitution or
12 federal law.  Section 1983 does not create substantive rights, but merely provides "a method for
13 vindicating federal rights elsewhere conferred."  Graham v. Conner, 490 U.S. 386, 393 (1989).
14 Plaintiff claims to have suffered personal injuries and to have been the victim of various state
15 crimes and torts.  He has not, however, alleged the deprivation of a right secured by the
16 "Constitution and laws" of the United States, an omission which is fatal to his Section 1983
17 claim.

18  Plaintiff shall, within thirty (30) days of the date of this Order, file an amended
19 complaint which identifies the constitutional right(s) of which plaintiff was deprived and
20 provides a short and plain statement of the factual basis for each of his claims.  In addition, all
21 defendants shall be specifically identified in the caption of the amended complaint.  If an
22 acceptable amended complaint is not filed within the time proscribed, this action will be
23 dismissed without prejudice.  The Clerk of Court is directed to send a copy of this Order to
24 plaintiff and to place this Order to Show Cause on the Court's calendar for December 10, 2012.

1 DATED this 9th day of November, 2012.

*signature*

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE                               -3-