1
2
3
4
5
6     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
7                AT SEATTLE

8  _____  )
   SHANNON A. LEE II,                      )
9                                          )   Case No. C12-1948RSL
                          Plaintiff,       )
10            v.                           )
                                           )   ORDER TO SHOW CAUSE
11 CITY OF SEATAC POLICE                   )
   DEPARTMENT, *et al.*,                   )
12                                         )
                          Defendants.      )
13 _____  )

14
          This matter comes before the Court *sua sponte*.  On November 7, 2012, plaintiff,
15
   proceeding *pro se*, filed suit against the City of SeaTac Police Department, King County
16
   Prosecutor Dan Satterberg, and criminal defense attorney Scott Schmidt under 42 U.S.C. § 1983.
17
   Plaintiff alleges (1) abuse of process against the SeaTac Police Department, claiming that two
18
   employees falsified evidence and created a case against him based on false allegations; (2)
19
   malicious prosecution against Mr. Satterberg, claiming that he erroneously charged plaintiff with
20
   a crime; and (3) malpractice against his former lawyer, claiming that there was little to no
21
   communication from his lawyer while he was in jail.  Complaint (Dkt. # 3) at 3.  Plaintiff seeks
22
   an award of damages related to his loss of reputation and credit, his mental suffering, and his
23
   unemployment.
24
25
26

ORDER TO SHOW CAUSE

1 　　　　　The Court, having reviewed the record as a whole, finds that plaintiff's Complaint fails to state a claim upon which relief can be granted by a federal court. Recovery under Section 1983 involves two elements. First, plaintiff must prove that the defendants deprived him of a right secured by the "Constitution and laws" of the United States. Second, plaintiff must show that defendants deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that plaintiff show that defendants acted "under color of law." See, e.g., Monroe v. Pape, 365 U.S. 167, 184, 187 (1961); United States v. Price, 383 U.S. 787, 793, 794 (1966). The allegations of plaintiff's Complaint do not satisfy either of these requirements.

　　　　　Although filed under 42 U.S.C. § 1983, all of plaintiff's claims are cognizable under state law, and none of them have any connection to the United States Constitution or federal law. Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Conner, 490 U.S. 386, 393 (1989). Plaintiff claims to have suffered personal injuries and to have been the victim of various state crimes and torts. He has not, however, alleged the deprivation of a right secured by the "Constitution and laws" of the United States, an omission which is fatal to his Section 1983 claim.

　　　　　Plaintiff shall, within thirty (30) days of the date of this Order, file an amended complaint which identifies the constitutional right(s) of which plaintiff was deprived and provides a short and plain statement of the factual basis for each of his claims. In addition, all defendants shall be specifically identified in the caption of the amended complaint. If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed without prejudice. The Clerk of Court is directed to send a copy of this Order to plaintiff and to place this Order to Show Cause on the Court's calendar for December 10, 2012.

ORDER TO SHOW CAUSE          -2-

1     DATED this 9th day of November, 2012.

2

3

4                             *[signature]*

5                             Robert S. Lasnik

6                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER TO SHOW CAUSE                 -3-