UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNON A. LEE II,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SEATAC POLICE DEPARTMENT, *et al.*,<br><br>  Defendants. | Case No.  C12-1948RSL<br><br>ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on Defendants' "Motion to Dismiss Under FRCP 12(c)" (Dkt. # 22). Plaintiff alleges that Defendant SeaTac Police Department and King County Prosecutor Daniel T. Satterberg ("Satterberg") (collectively "Defendants") violated his rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. In addition, Plaintiff asserts defamation claims based on information published in the Seattle Post-Intelligencer.[1]

This case arises out of Plaintiff's arrest in January 2010 on a charge of Promoting Prostitution in the first degree. Plaintiff claims that he was not interviewed by SeaTac Police Officers, advised of his rights, or shown any evidence supporting the charge. He also claims that Satterberg failed to investigate the case, which resulted in his wrongful imprisonment for six months.

---

[1] Plaintiff's claims against defendant Scott Schmidt were dismissed with prejudice on March 18, 2013. Dkt. # 18.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 1

Under Federal Rule of Civil Procedure 12(c), "[j]udgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotations and alterations omitted). Where, as here, a motion under Rule 12(c) is used to raise the defense of failure to state a claim, the Court's review is the same as it would have been had the motion been filed under Rule 12(b)(6). McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). Although the Court's review is generally limited to the contents of the complaint, Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996), Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of the plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted, United States v. Ritche, 342 F.3d 903, 908-09 (9th Cir. 2003). Because the documents attached to Plaintiff's amended complaint fall within one or more of these categories, the Court has considered them and construed the allegations in the light most favorable to Plaintiff. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).

**A.  Pleading Standard**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "The relevant inquiry. . . is not whether the plaintiff has demonstrated a likelihood of success on the merits" but whether "there is no cognizable legal theory or absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of the Plaintiff's allegations and draw all reasonable inferences in the Plaintiff's favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Twombly, 550 U.S. at 570. If the Court dismisses the complaint or portions thereof, it must consider whether the pleading could be cured by the allegation of additional facts, even in the absence of a request for leave to amend. Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012).

**B. Claims Against SeaTac Police Department**

Whether the SeaTac Police Department may be sued is determined by state law. Fed. R. Civ. P. 17(b); see also Streit v. Cnty. of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001). Under well-settled Washington law, city and county departments are not legal entities subject to suit. See Nolan v. Snohomish Cnty., 59 Wn. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of being sued."); City of Seattle v. Dutton, 147 Wn. 224, 226 (1928) (Finding Seattle Parks Department "is not an entity separate and apart form the city" and therefore, not subject to suit). Because the SeaTac Police Department lacks capacity to be sued under Washington law, Plaintiff fails to state a claim upon which relief may granted.

Although Plaintiff has not sought leave to amend, the Court must consider whether the amended complaint could be cured by amendment. Watison, 668 F.3d at 1117. Under Rule 15, leave to amend should be given freely when justice so requires. Fed. R. Civ. P. 15(a). However, "the district court may exercise its discretion to deny

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 3

leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Defendants contend that even if Plaintiff had named a municipality as a defendant, his complaint would still fail to state a claim for relief because he has failed to allege that a policy or custom that caused his injuries.  Dkt. # 22 at 7.   Because the Court finds that these deficiencies may be cured through amendment, the Court GRANTS Plaintiff leave to amend these claims.

**C. Claims Against King County Prosecutor Satterberg**

"A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are intimately associated with the judicial phase of the criminal process." Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 410, 430-31 (1976)).  However, a prosecutor is entitled to only qualified immunity when he or she performs administrative or investigatory functions.  Id.

Here, Plaintiff alleges that Daniel Satterberg failed to investigate the case before charging him with a crime. Dkt. # 6 at 1.  The Ninth Circuit has determined that a prosecutor is absolutely immune from liability arising out of a failure to investigate before filing charges.  Broam, 320 F.3d at 1028.  Therefore, Plaintiff's claim to that effect fails to state a claim upon which relief may be granted.

Plaintiff also contends that his constitutional rights were violated by the several trial continuances and the excessive bail set for him. Dkt. # 6 at 1-2.  Even if Plaintiff clearly alleged that Satterberg was responsible for the continuances and the particular

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 4

amount of bail set, his claims would still fail.  Presenting a motion based on law and fact clearly involves a prosecutor's role as advocate for the State rather than his role as investigator or administrator.  <u>Waggy v. Spokane Cnty.</u>, 594 F.3d 707, 712-13 (9th Cir. 2010).

In response to the motion to dismiss, Plaintiff relies on <u>Fletcher v. Kalina</u>, 93 F.3d 653 (9th Cir. 1996) for the proposition that "prosecutors do not have absolute immunity when preparing statements in support of an arrest warrant."  Dkt. # 23 at 2.  Plaintiff's summary statement of the Ninth Circuit's holding in <u>Fletcher</u>, while not incorrect, neglects the particular finding by the court in that case.  The court in <u>Fletcher</u> upheld the district court's decision that a prosecutor receives qualified immunity for actions in writing, signing and filing a declaration for a warrant because these are traditionally functions performed by police officers.  <u>Fletcher</u>, 93 F.3d at 655-56.  Contrary to the circumstances presented in <u>Fletcher</u>, however, Plaintiff has not alleged that Satterberg made false statements in a declaration supporting an application for an arrest warrant.  Rather, Plaintiff submitted a Certification For Determination of Probable Cause written and signed by King County Sheriff's Office Detective Brian Taylor. Dkt. # 6 at 7-9.  Liability under § 1983 requires a showing of personal participation by the defendant.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Because Plaintiff's allegations against Satterberg fail to state a claim, they are DISMISSED.

In light of the Ninth Circuit's generous standard for granting leave to amend from a dismissal for failure to state a claim, the Court grants Plaintiff leave to attempt to state a cognizable § 1983 claim against Daniel Satterberg.  <u>See</u> <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 926 (9th Cir. 2012) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quotations omitted).

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 5

**D.  Plaintiff's Defamation Claims**

Defendants seek dismissal of Plaintiff's defamation claims on the grounds that 1) Plaintiff failed to file a notice of claim as required by RCW 4.96.020, 2) his claims are barred by the statute of limitations, and 3) the allegations in the amended complaint fail to state a claim.  Dkt. # 22 at 9-10.  Because Plaintiff has not complied with the pre-suit notice requirement of RCW 4.96.020, the Court does not reach Defendants' other arguments for dismissal.

Under RCW 4.96.020, "[a]ll claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers acting in such capacity" must be presented to the governmental body's agent responsible for receiving such claims.  RCW 4.96.020(2).  The statute requires potential plaintiffs to submit claims with the designated government agent sixty calendar days before filing suit.  Id. 4.96.020(4).  Plaintiff does not dispute Defendants' contention that he failed to file a notice of claim alleging defamation against the SeaTac Police Department or Daniel Satterberg.  Dkt. # 22 at 9-10.  Plaintiff does not dispute that he did not comply with the statutory notice requirement and therefore, Plaintiff's defamation claims are dismissed without prejudice.  Melin-Schilling v. Imm, 149 Wn. App. 588, 589 (2009) (school district employee's alleged tortious conduct occurred while he was acting within the scope of his employment and therefore, Plaintiff's failure to comply with Washington's claim filing statute precluded suit against that employee).

For all of the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff may file a second amended complaint related to his § 1983 claims against Defendants within 30 days from the date of this order.  If no amended complaint is filed by that date or if the allegations do not remedy the deficiencies identified in this order, this matter will be closed.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6

1     Dated this 7th day of August, 2013.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 7