UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON A. LEE II,

    Plaintiff,

  v.

CITY OF SEATAC POLICE DEPARTMENT, *et al.*,

    Defendants.

Case No. C12-1948RSL

ORDER OF DISMISSAL WITH LEAVE TO AMEND

On September 9, 2013, Plaintiff proceeding *in form a pauperis* filed a second amended complaint in response to the Court's order granting leave to amend his § 1983 claims. Dkt. # 26. In his second amended complaint, Plaintiff alleges that Defendants the City of SeaTac Police Department, SeaTac Police Officers Brian Taylor and Joel Banks, and King County Prosecutor Dan Satterberg deprived him of his rights under the Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. Id. ¶¶ 1-4. He seeks money damages and equitable relief. Having considered the allegations in the second amended complaint, the Court finds as follows:

(1) The allegations in Plaintiff's second amended complaint do not correct the deficiencies previously identified by the Court with respect to his claims against the SeaTac Police Department or Daniel Satterberg. As the Court stated in its previous order, well-settled Washington law prohibits suits against city and county departments as separate legal entities. See Nolan v. Snohomish Cnty., 59 Wn. App. 876, 883 (1990)

ORDER OF DISMISSAL
WITH LEAVE TO AMEND - 1

("[I]n a legal action involving a county, the county itself is the only legal entity capable of being sued."); City of Seattle v. Dutton, 147 Wn. 224, 226 (1928) (Seattle Parks Department "is not an entity separate and apart form the city" and therefore, not subject to suit).  Therefore, Plaintiff's claims against the SeaTac Police Department are DISMISSED with prejudice.

(2) Similarly, Plaintiff's claims against Satterberg fail to state a claim for relief. Satterberg is entitled to absolute immunity from liability arising out of his alleged failure to investigate before filing charges because that activity is within the scope of his quasi-judicial duties.  Broam v. Bogan, 320 F.3d 1023, 1028-29 (9th Cir. 2009) (prosecutor is absolutely immune from liability in civil rights action for failure to investigate before filing charges based on the quasi-judicial nature of activity).  In addition to seeking money damages, Plaintiff appears to seek declaratory relief against Satterberg.  Dkt. # 26 at 1, 3.  Satterberg is also immune from liability for § 1983 claims for declaratory relief.  See Moore v. Brewster, 96 F.3d 1240, 1243, 44 (9th Cir. 1996) (extending judicial immunity to claims for declaratory and injunctive relief).  Thus, Plaintiff's claims against Defendant Satterberg are DISMISSED with prejudice.

(3) Turning to Plaintiff's claims against Defendants Taylor and Banks, the Court reviews the claims pursuant to 28 U.S.C. § 1915(e).  Pursuant to that statute, the Court must dismiss a case if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

ORDER OF DISMISSAL
WITH LEAVE TO AMEND - 2

(4) Plaintiff's second amended complaint fails to allege sufficient facts to place Defendants Taylor and Banks on notice of the nature of his claims.  Though Plaintiff asserts claims arising under § 1983, Plaintiff fails to explain how Taylor and Banks deprived him of his rights under the Fourth, Fifth, Sixth, and Eighth Amendment.  His conclusory allegations of harm do not give rise to any facially plausible claims. See Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678.

For all of the foregoing reasons, Plaintiff is hereby ORDERED to file on or before October 11, 2013, an amended complaint which clearly and concisely identifies each Defendant and explains how that person violated Plaintiff's legal rights.  The key to filing an acceptable amended complaint will be linking Plaintiff's factual allegations to a particular Defendant and explaining how those facts support one or more of the claims asserted.  If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed.  The Clerk of the Court is directed to note this order on the Court's calendar for October 11, 2013.

DATED this 12th day of September, 2013.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL
WITH LEAVE TO AMEND - 3